**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BYRON BARRIOS CABRERA, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-01441-JLS |
| | : | |
| JL JAMISON, *et al.*, | : | |
| Respondents. | : | |

**MEMORANDUM**

**SCHMEHL. J. -** */s/ JLS*                                                      **MARCH 20, 2026**

This matter comes before the Court on Petitioner Byron Barrios Cabrera's petition for habeas

corpus under 28 U.S.C. § 2241. Petitioner requests that the Court release him from detention by

Immigration and Customs Enforcement ("ICE") or, in the alternative, conduct or order a bond hearing in

which the Respondents have the burden of justifying Petitioner's continued detention. For the reasons

stated below, the petition is denied.

The Petitioner is a citizen and native of Guatemala who attempted to enter the United States

without authorization in 2017. ECF 8-1-Notice and Order of Expedited Removal. He was unsuccessful

and removed from the United States on February 28, 2017. [1] *Id*. Despite having been removed,

Petitioner successfully attempted a second time to enter the United States without authorization.  On

March 5, 2026, ICE agents took Petitioner into custody pending his second removal from the United

States. ECF 8-2 – Record of Deportable/Inadmissible Alien, March 5, 2026. Following Petitioner's

apprehension, ICE reinstated Petitioner's 2017 removal order. ECF 8-3 – Notice of Intent/Decision to

Reinstate Prior Removal Order. Petitioner did not contest the reinstatement ECF 8-2, nor did he claim to

the Department of Homeland Security a fear of returning to Guatemala. [ECF 8-3] *Id.*

Section 1231 of the Immigration and Nationality Act governs the detention, release, and removal

---

[1] Petitioner neglects to mention this crucial fact in his counseled Petition.

1

of noncitizens who have been ordered removed. *See Johnson v. Arteaga-Martinez,* 596 U.S. 573, 575–76, (2022) ("This Court recently held that § 1231(a) applies to individuals who are removed and who then reenter without authorization and apply for withholding of removal based on a fear that they will be persecuted or tortured if returned to their countries of origin."); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal.") Section 1231 further provides that when an alien reenters the country after having already been removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." § 1231(a)(5). In that situation, "the alien is not eligible and may not apply for any relief under this chapter" and "shall be removed under the prior order at any time after the reentry." *Id*.

Section 1231 authorizes detention "when an alien is ordered removed" and enters the "removal period," which lasts 90 days and begins to run on the latest of the following: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the non-citizen, the date of the court's final order; or (3) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Although there is no statutory limit on the Secretary's discretion to detain noncitizens beyond the 90-day period, the Supreme Court has held that the "presumptively reasonable" period for detention following a removal order is six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Petitioner's order of removal became administratively final on March 5, 2026 as § 1231(a)(5) explicitly prohibits him from seeking review or relief from the order after it is reinstated following unlawful reentry. Petitioner did not contest the reinstatement of his 2017 removal order nor did he claim a fear of returning to Guatemala.[2] *Id.* Detention during the "removal period" is

---

[2] Petitioner did apparently have a reasonable fear interview after which the United States Citizenship and Immigration

mandatory. 8 U.S.C. § 1231(a)(2); Consequently, Petitioner "shall be detained pending his removal from the United States." *Johnson v. Arteaga-Martinez,* 596 U.S. at 578 ("The statute provides that the Government "shall" detain noncitizens during the statutory removal period. § 1231(a)(2)"); *Demore v. Kim,* 538 U.S. 510, 512 (2003) (holding that detention pending a noncitizen's removal is a "constitutionally valid aspect of the [removal] process.")  Since Petitioner has been detained for barely two weeks since his final removal order was entered on March 5, 2026, he is within the "presumptively reasonable" six-month period for detention as announced by the Supreme Court in *Zadvydas*. *Id.* at 701. Accordingly, his petition for a writ of habeas corpus is denied.

---

Services found that Petitioner did not have a reasonable fear of returning to Guatemala. Since Petitioner did not request review by an Immigration Judge, the interview does not alter the detention analysis under section 1231.

3